45 F.3d 444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James E. LOCKHART, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3203.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1995.
 
 60 M.S.P.R. 592.
 AFFIRMED.
 RICH, NIES, and NEWMAN, Circuit Judges.
 NIES, Circuit Judge.
 
 
 1
 James E. Lockhart seeks review of the initial September 21, 1993, decision of the Merit Systems Protection Board, Docket No. SF844E930542-I-1 (which became final January 19, 1994), affirming the decision of the Office of Personnel Management which denied Mr. Lockhart's application for disability retirement benefits pursuant to the Federal Employees Retirement System (FERS). We affirm.
 
 DISCUSSION
 
 2
 There is no question that Mr. Lockhart was unable to perform the duties incumbent on the position he held of file clerk with the United States Army at Fort Ord, California. To accommodate his medical limitations, the Army restructured a permanent file clerk position that excluded activities which Mr. Lockhart was unable to perform. OPM determined that Mr. Lockhart was not entitled to disability benefits under FERS because he had failed to accept the redesigned position offered by the Army. Mr. Lockhart challenges the suitability of the position, but he never reported for duty. Subsequently, Mr. Lockhart received a notice of termination for disrespectful conduct and being AWOL. A settlement agreement changed the termination into a voluntary retirement. Part of the settlement was that Mr. Lockhart would not reapply to the agency for employment.
 
 
 3
 Mr. Lockhart argues that because of the settlement agreement it is apparent that the agency did not accommodate him. This is clearly incorrect. The accommodation offer long preceded the settlement. Similarly, the issue of accommodation was not mooted by the settlement. Thus, having considered these arguments and all others of Mr. Lockhart, we agree with the agency that Mr. Lockhart failed to meet his burden of showing by preponderant evidence that the Army was unable to reasonably accommodate his medical condition as required by 5 USC Sec. 8451(a)(2)(A) and 5 CFR Sec. 844.103(a)(5).